**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO:**

JULIAN LORENZO, on behalf of himself
and all others similarly situated,

       Plaintiff(s),

       v.

2200 RESTAURANT PARTNERS, LLC
d/b/a DUNE BY LAURENT TOURONDEL

       Defendant.

_____/

## CLASS/COLLECTIVE ACTION COMPLAINT FOR DAMAGES
## AND DEMAND FOR JURY TRIAL

Plaintiff, JULIAN LORENZO ("Plaintiff"), on behalf of himself and all others similarly situated, and pursuant to 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, Fla. Stat. § 448.440, and Art. X, Sec. 24 of the Florida Constitution, files this Class/Collective Action Complaint for Damages and Demand for Jury Trial against Defendant, 2200 RESTAURANT PARTNERS, LLC d/b/a DUNE BY LAURENT TOURONDEL ("Defendant"), for its failure to pay Bartenders and Barbacks state and federal minimum wages and federal overtime wages, as follows:

## INTRODUCTION

1.      Plaintiff brings this class and collective action under the Fair Labor Standards Act ("FLSA"), the Florida Minimum Wage Act ("FMWA") and Art. X, Sec. 24 of the Florida Constitution on behalf of himself and all Bartenders and Barbacks who work or have worked at the DUNE by Laurent Tourondel restaurant located at 2200 N. Ocean Boulevard in Fort Lauderdale, Florida 33305, during the applicable statute of limitations. Defendant committed state

and federal minimum wage violations because it: (1) compensated Bartenders and Barbacks at the reduced wage for tipped employees, but failed to provide Plaintiff and all others similarly situated with statutory notice of taking a tip credit; (2) required Plaintiff and all others similarly situated to perform non-tipped side duties and side work that exceeded 20% of all work performed in at least one workweek; (3) required Plaintiff and all others similarly situated to perform non-tipped duties and side work in excess of 30 continuous minutes in at least one shift; and (4) required Plaintiff and all others similarly situated to attend off-the-clock mandatory meal periods while still performing work for Defendant's benefit. Additionally, Defendant violated federal overtime wage requirements because it required Plaintiff and all other similarly situated Bartenders and Barbacks to work off-the-clock during mandatory meal periods, which regularly caused Bartenders and Barbacks to work more than forty (40) hours in a single workweek. As a result, Plaintiff and all similarly situated Bartenders and Barbacks have been denied federal and state minimum wages and federal overtime wages during various workweeks within the relevant time period.

## PARTIES

2.      During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

3.      Plaintiff and the **FLSA putative collective members** are/were restaurant Bartenders and/or Barbacks who worked for Defendant within the last three (3) years at the DUNE by Laurent Tourondel restaurant located at 2200 N. Ocean Boulevard, Fort Lauderdale, FL 33305.

4.      Plaintiff and the **FMWA putative class members** are/were restaurant Bartenders and/or Barbacks who worked for Defendant within the last five (5) years at the DUNE by Laurent Tourondel restaurant located at 2200 N. Ocean Boulevard, Fort Lauderdale, FL 33305.

5.     Plaintiff worked for Defendant as a Bartender at DUNE by Laurent Tourondel located at 2200 N. Ocean Boulevard, Fort Lauderdale, FL 33305 from in or around January of 2022 through in or around September of 2022.

6.     The proposed collective and class members worked for Defendant in the same capacity as Plaintiff in that they were non-exempt, hourly-paid tipped Bartenders and/or Barbacks for Defendant at the same DUNE by Laurent Tourondel restaurant located at 2200 N Ocean Boulevard, Fort Lauderdale, FL 33305.

7.     Plaintiff seeks certification of five (5) separate collectives under 29 U.S.C. § 216(b) for violations of the FLSA as follows:

>**Tip Notice Collective**: All Bartenders and Barbacks who worked for Defendant during the three (3) years preceding this lawsuit who did not receive proper notice from Defendant that it would be taking a tip credit toward the required federal minimum wage.
>
>**80/20 Collective**: All Bartenders and Barbacks who worked for Defendant during the three (3) years preceding this lawsuit who were required to spend more than 20% of any workweek performing non-tipped duties and side work and were paid a reduced tip credit wage.
>
>**Substantial Side Work Collective**: All Bartenders and Barbacks who worked for Defendant on or after December 28, 2021, who were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.
>
>**Off-the-Clock Collective**: All Bartenders and Barbacks who worked for Defendant during the three (3) years preceding this lawsuit who, in one or more workweeks, were required by Defendant to work off-the-clock during their meal periods.
>
>**Overtime Collective**: All Bartenders and Barbacks who worked for Defendant during the three (3) years preceding this lawsuit who, in one or more workweeks, worked off-the-clock during

their meal periods and whose time spent performing work off-the-clock caused him/her to work more than forty (40) hours within that workweek.

8.    Plaintiff seeks certification of four (4) separate classes under Fed. R. Civ. P. 23, the FMWA, and Florida Constitution for Florida Minimum Wage violations, as follows:

**Tip Notice Class: All Bartenders and Barbacks who worked for Defendant during the five (5) years preceding this lawsuit who did not receive proper notice from Defendant that it would be taking a tip credit pursuant to Fla. Const. Art. X 24(c) and/or F.S. § 448.110.**

**80/20 Class: All Bartenders and Barbacks who worked for Defendant during the five (5) years preceding this lawsuit who were required to spend more than 20% of any workweek performing non-tipped duties and side work and were paid a reduced tip credit wage.**

**Substantial Side Work Class: All Bartenders and Barbacks who worked for Defendant on or after December 28, 2021, who were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.**

**Off-the-Clock Class: All Bartenders and Barbacks who worked for Defendant during the five (5) years preceding this lawsuit who, in one or more workweeks, were required by Defendant to work off-the-clock during their meal periods.**

9.    The precise size and identity of each collective and class should be ascertainable from the business records, tax records, and/or personnel records of Defendant; however, Plaintiff estimates that the total number of class members in each class and collective exceeds 50 Bartenders and Barbacks.

10.   During all times material hereto, Defendant was a Florida limited liability company operating and transacting business within Broward County, Florida, within the jurisdiction of this Honorable Court.

11.     During all times material hereto, Defendant owned, operated, and controlled the DUNE by Laurent Tourondel restaurant located at 2200 N. Ocean Boulevard, Fort Lauderdale, FL 33305.

12.     Defendant was the "employer" of Plaintiff and all members of the putative Classes and Collectives as that term is defined by the FLSA and FMWA during all times pertinent to the allegations herein.

13.     During all times material hereto, Defendant was vested with control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of the DUNE by Laurent Tourondel restaurant located at 2200 N. Ocean Boulevard, Fort Lauderdale, FL 33305.

14.     Defendant implements uniform pay, tip, and time-keeping practices at the DUNE by Laurent Tourondel restaurant that applies to all Bartenders and Barbacks.

15.     Plaintiff and the putative collective and class members are/were non-exempt, hourly restaurant Bartenders and Barbacks.

## JURISDICTION AND VENUE

16.     This action is brought under 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, the Florida Minimum Wage Act ("FMWA"), and Article X Section 23 of the Florida Constitution to recover damages from Defendant.

17.     This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

18.     The acts and/or omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

19. Defendant regularly transacts business in Broward County, Florida and jurisdiction is therefore proper.

20. Venue is also proper within Broward County, Florida.

21. Plaintiff fulfilled all conditions precedent required to bring his class action claims under the FMWA.

22. More specifically, on December 11, 2023, Plaintiff, through his counsel, served Defendant with a written pre-suit demand regarding his FMWA claims, requesting Defendant to pay him and putative FMWA classes the minimum wages owed to them. At the time of the filing of this Complaint, no payment has been tendered by Defendant to compensate Plaintiff or the FMWA classes with any wages whatsoever.

## FLSA COVERAGE

23. Defendant is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that Defendant had at least two or more employees engaged in commerce or in the production of goods for commerce, or two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

24. During all time periods pertinent hereto, Defendant's employees regularly handled goods and materials such as napkins, appliances, calamari, shrimp, zucchini, jalapeño, pickles, lemons, limes, lettuce, salmon, chicken, tuna, avocado, mushrooms, onions, parmesan cheese, truffle oil, tomatoes, olives, basil, oregano, spinach, potatoes, oysters, other food items, beer, vodka, gin, tequila, scotch, rum, whiskey, wine, sake, other drink items, restaurant equipment, chairs, pens, paper, receipts, computers, credit card processors, sugar, tea, soda, ginger beer, and other materials that had previously traveled through interstate commerce.

25.     Defendant has annual gross revenue in excess of $500,000.00 in 2019, 2020, 2021, 2022, 2023 and is expected to gross in excess of $500,000.00 in 2024.

## DEFENDANT FAILED TO PROVIDE BARTENDERS AND BARBACKS WITH SUFFICIENT NOTICE OF THE TIP CREDIT

26.     When Defendant hires Bartenders and Barbacks, it credits a portion of Bartenders' and Barbacks' tips toward its minimum wage obligations, and, consequently, it pays Bartenders and Barbacks below the applicable federal and/or state minimum wage.

27.     Nevertheless, Defendant fails to provide such Bartenders and Barbacks the required and sufficient notice of the tip credit under federal and Florida law.

28.     During all times material hereto, Defendant **did not**: (1) provide the full statutorily required tip notice under federal and/or Florida law; (2) pay the applicable federal and/or Florida minimum wage; or (3) track the time Bartenders and Barbacks spent performing side work and non-tipped duties.

29.     Plaintiff and the ***Tip Notice Collective*** members are entitled to recover at least the federal minimum wage for each hour spent performing work.

30.     Plaintiff and the ***Tip Notice Class*** members are entitled to recover at least the Florida minimum wage for each hour spent performing work.

31.     Moreover, during all times material hereto, Defendant claimed a tip credit under federal and Florida law and paid Plaintiff and all other Bartenders and Barbacks the reduced wage for tipped employees, including during shifts when they spent a substantial amount of continuous time performing directly supporting side work and/or non-tipped duties for 30 or more minutes.

**DEFENDANT REQUIRES PLAINTIFF AND ALL OTHER BARTENDERS AND BARBACKS TO SPEND MORE THAN 20% OF THE WORKWEEK ON NON-TIPPED DUTIES AND SIDE WORK**

32.     Federal law prohibits employers from taking a tip credit when an employee performs non-tip generating duties for more than 20% of their workweek. *See Rafferty v. Denny's Inc.*, 13 F.4th 1166, 1188 (11th Cir. 2021). In other words, when restaurant Bartenders and Barbacks spend more than 20% of any respective workweek on non-tip generating duties and side work, they must be paid the full minimum wage, as opposed to the reduced minimum wage for tipped employees.[1] *Id.*

33.     Defendant claimed a tip credit for all of Plaintiff's work (except training), including during workweeks in which Plaintiff spent more than 20% of his time on non-tip producing duties and side work.

34.     Upon information and belief, Defendant compensated Bartenders and Barbacks at the reduced wage of $5.44 per hour in 2019 for their first forty (40) hours of work per week.

35.     Upon information and belief, Defendant compensated Bartenders and Barbacks at the reduced wage of $5.54 per hour in 2020 for their first forty (40) hours of work per week.

36.      Upon information and belief, Defendant compensated Bartenders and Barbacks at the reduced wage of $5.53 per hour in from January 1, 2021, through September 29, 2021, for their first forty (40) hours of work per week.

37.     Upon information and belief, Defendant compensated Bartenders and Barbacks at the reduced wage of $6.98 per hour from September 30, 2021, through September 29, 2022, for their first forty (40) hours of work per week.

---

[1] The maximum tip credit permissible under federal law is $5.12 and $3.02 under state law. However, as stated above, an employer cannot claim a tip credit if its employee spends more than 20% of any respective workweek performing non-tip producing duties.

38. Upon information and belief, Defendant compensated Bartenders and Barbacks at the reduced wage of $7.98 per hour from September 30, 2022, through September 29, 2023, for their first forty (40) hours of work per week.

39. Upon information and belief, Defendant compensated Bartenders and Barbacks at the reduced wage of $8.98 per hour from September 30, 2023, through the present for their first forty (40) hours of work per week.

40. During their employment periods with the Defendant, Plaintiff and the members of the putative classes and collectives of Bartenders and Barbacks were assigned both "opening" shifts and "closing" shifts.

41. Prior to opening the restaurant to customers, for a period of approximately one (1) continuous hour, Defendant claimed a tip credit for Plaintiff and all other Bartenders and Barbacks but require/required them to, including but not limited to, set up the bar, organize the bar, prepare glassware, gather, clean, and cut all garnishes, pour juices, stock the refrigerators and coolers, stock other food and drink supplies, fill ice wells, make and fill syrups, rotate bar items, and press juices.

42. During this set-up time, the restaurant was not open to the public and Bartenders and Barbacks could not earn tips.

43. When working the "closing" shift, Plaintiff and all other similarly situated Bartenders and Barbacks are/were required to remain at the restaurant for approximately one (1) to two (2) hours after the kitchen and the bar was closed and all customers have left.

44. During closing shifts, Defendant claimed a tip credit for Plaintiff and every other Bartender and Barback but required Bartenders and Barbacks to perform side-work and non-tipped duties, including but not limited to, cleaning ice wells, wrapping up garnishes, throwing out

garnishes, wiping down the bar area, cleaning rails, wiping down liquor bottles, cleaning glassware, and rotating bar items, all while Bartenders and Barbacks were not able to earn tips because the restaurant was closed to the public.

45.     Throughout opening and closing shifts, Plaintiff and the putative class and collective members were required to perform the same "non-tipped" duties and side work as outlined in the preceding paragraphs.

46.     At a minimum, Plaintiff and all other Bartenders and Barbacks spent more than 20% of their workweeks performing non-tipped duties and side work.

47.     As a result, Plaintiff and members of the putative classes and collectives are entitled to recover the applicable tip credit for the time they spent performing "non-tipped" incidental duties and side work during each workweek, as opposed to the reduced wage they received.

48.     Plaintiff and the ***80/20 Collective*** members are entitled to recover at least federal minimum wage for each hour spent performing "non-tipped" duties and side work during workweeks in which the "non-tipped" work exceeded 20% of the workweek.

49.     Similarly, Plaintiff and the ***80/20 Class*** members are entitled to recover at least the Florida minimum wage for each hour spent performing "non-tipped" duties and side work during workweeks in which the "non-tipped" work exceeded 20% of the workweek.

### DEFENDANT REQUIRES BARTENDERS AND BARBACKS TO SPEND MORE THAN 30 CONTINUOUS MINUTES ON NON-TIPPED DUTIES AND SIDE WORK DURING EACH SHIFT

50.     Side work which takes more than 30 continuous minutes is not considered "part of the tipped occupation." *See* 29 C.F.R. § 531.56(f)(4)(ii).

51.     Accordingly, employers are forbidden from taking a tip credit when they require tipped employees to spend more than 30 continuous minutes on non-tipped duties and side work.

52.     During all times material hereto, Defendant required all Bartenders and Barbacks to arrive to opening shifts approximately two (2) hours before the restaurant was open to the public.

53.     Additionally, Defendant required Bartenders and Barbacks to clock-out for a mandatory meal period at the restaurant for approximately one (1) hour before the restaurant opened to the public.

54.     Moreover, during all times material hereto, Defendant required Bartenders and Barbacks to perform side work and non-tipped duties for more approximately one (1) to two (2) continuous hours at the end of their closing shifts, often when Bartenders and Barbacks did not have any customers and the restaurant was closed to the public.

55.     Plaintiff and the **Substantial Side Work Collective** members are entitled to recover at least federal minimum wage for the time spent performing "non-tipped" duties and side work which exceeds 30 continuous minutes per shift.

56.     Plaintiff and the **Substantial Side Work Class** members are entitled to recover at least the Florida minimum wage for the time spent performing "non-tipped" duties and side work which exceeds 30 continuous minutes per shift.

## DEFENDANT REQUIRES BARTENDERS AND BARBACKS TO  WORK OFF-THE-CLOCK

57.     A meal period is compensable when an employee is primarily engaged in work-related duties during the meal period and the employer receives the predominant benefit of the meal period. *See Birdwell v. City of Gadsden, Ala*., 970 F.2d 802, 807 (11th Cir. 1992).

58.     During all times material hereto, Defendant required Plaintiff and all other Bartenders and Barbacks to arrive to their shifts approximately two (2) hours before the Restaurant opened to the public.

59.     During all times material hereto, Defendant required Plaintiff and all other Bartenders and Barbacks to each spend the first hour of their shifts performing side-work and other non-tipped tasks in order to prepare the Restaurant to open for the public.

60.     During all times material hereto, prior to the Restaurant opening to the public, but *after* Plaintiff and all other Bartenders and Barbacks spent at least an hour preparing the Restaurant to open, Defendant required Plaintiff and all other Bartenders and Barbacks to clock-out for approximately one-hour during each shift for a mandatory team-building exercise or "meal period."

61.     During the mandatory meal period, Plaintiff and all other similarly situated Bartenders and Barbacks were not fully relieved of all duties and Defendant received the predominant benefit of the unpaid meal period.

62.     During this regularly scheduled mandatory meal period, Plaintiff and all other Bartenders and Barbacks were required to be present at the Restaurant for the meal period with each other and the rest of Defendant's staff for "team-building" purposes.

63.     Further, Defendant required Plaintiff and all other Bartenders and Barbacks to be present at the Restaurant during the entirety of their meal periods in order to perform side work and to attend meetings with each other and the rest of the Restaurant's staff.

64.     Defendant prohibited Plaintiff and all other Bartenders and Barbacks from leaving the premises during their meal periods.

65.     Consequently, Defendant prohibited from Plaintiff and all other Bartenders and Barbacks from using their meal periods freely; rather, Plaintiff and all other Bartenders were similarly restricted to spending their meal periods performing work-related tasks and duties for Defendant's benefit.

66.     During all times material hereto, Defendant did not compensate Plaintiff and all other Bartenders and Barbacks for any time that spent during meal periods performing work off-the-clock.

67.     Furthermore, during all times material hereto, Defendant's records were inaccurate because they did not show nor reflect the fact that Plaintiff and all other similarly situated Bartenders and Barbacks actually worked during mandatory, unpaid meal periods.

68.     Defendant was either recklessly indifferent as to the overtime requirements under federal law, or in the alternative, *intentionally misled* Plaintiff, and all other Bartenders and Barbacks, so that Defendant could avoid having to pay Plaintiff and all other Bartenders and Barbacks their lawful and hard-earned wages.

69.     As a direct result of Defendant's intentional and/or willful violations of the FLSA, Plaintiff and all other Bartenders and Barbacks have suffered a significant amount of damages and have had to retain the services of the undersigned counsel to exercise their rights. Plaintiff and all similarly situated Bartenders and Barbacks are therefore entitled to full recovery of their reasonable attorney's fees and costs incurred.

70.     Plaintiff and the **Off-the-Clock Collective** members are entitled to recover at least federal minimum wages for each hour spent at the restaurant for the mandatory meal period.

### DEFENDANT FAILED TO COMPENSATE BARTENDERS AND BARBACKS THE APPLICABLE OVERTIME RATE FOR CERTAIN HOURS WORKED IN EXCESS OF FORTY (40)

71.     During all times material hereto, Defendant regularly required all Bartenders and Barbacks, including Plaintiff, to work through mandatory meal periods approximately one-hour in length and did not count this meal period as compensable time.

72. During all times material hereto, when Plaintiff and all other Bartenders and Barbacks worked more than forty (40) hours in a work week, Defendant did not add the time that Plaintiff and all other Bartenders and Barbacks spent working throughout their meal periods to their total weekly compensable time.

73. Consequently, during all times material hereto, Defendant did not compensate Plaintiff and all other Bartenders and Barbacks the applicable hourly overtime rate for certain hours that they worked off-the-clock when they worked more than forty (40) hours in a single workweek.

74. Moreover, during all times material hereto, as a result of Defendant's practice of requiring all Bartenders and Barbacks, including Plaintiff, to work through the mandatory meal period, Bartenders and Barbacks, including Plaintiff, frequently worked in excess of forty (40) hours.

75. Defendant was either recklessly indifferent as to the overtime requirements under federal law, or in the alternative, *intentionally misled* Plaintiff, and all other Bartenders and Barbacks, so that Defendant could avoid having to pay Plaintiff and all other Bartenders and Barbacks their lawful and hard-earned overtime wages.

76. As a direct result of Defendant's intentional and/or willful violations of the FLSA, Plaintiff and all other Bartenders and Barbacks have suffered a significant amount of damages and have had to retain the services of the undersigned counsel to exercise their rights. Plaintiff and all similarly situated Bartenders and Barbacks are therefore entitled to full recovery of their reasonable attorney's fees and costs incurred.

77. Plaintiff and the ***Overtime Collective*** members are entitled to recover at least federal overtime wages for each hour spent at the restaurant for the required meal periods.

## CLASS ALLEGATIONS

78.    Class members are treated equally and similarly at the DUNE by Laurent Tourondel restaurant that is owned and operated by Defendant, in that they were denied state minimum wages despite the fact that Defendant did not provide the required and sufficient notice of the tip credit under Florida law.

79.    Class members are treated equally and similarly at the DUNE by Laurent Tourondel restaurant that is owned and operated by Defendant, in that they were denied state minimum wages when they spent more than 20% of a workweek performing "non-tipped" duties and side work.

80.    Class members are treated equally and similarly at the DUNE by Laurent Tourondel restaurant that is owned and operated by Defendant, in that they were denied state minimum wages during shifts when they were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work.

81.    Defendant employed at least fifty (50) Bartenders and Barbacks at its 2200 N Ocean Boulevard, Fort Lauderdale, Florida 33305 restaurant who were paid a reduced tip credit wage and were not provided with the required nor sufficient notice of the tip credit under Florida law during the past five (5) years.

82.    Defendant employed at least fifty (50) Bartenders and Barbacks at its 2200 N Ocean Boulevard, Fort Lauderdale, Florida 33305 restaurant who were paid a reduced tip credit wage and were required to spend more than 20% of their workweek performing non-tipped duties and side work during the past five (5) years.

83.    Defendant employed at least fifty (50) Bartenders and Barbacks at its 2200 N Ocean Boulevard, Fort Lauderdale, Florida 33305 restaurant who were paid a reduced tip credit wage and

were required to spend more than 30 continuous minutes per shift on non-tipped duties and side work during any shift on or after December 28, 2021, through the present.

84. At all times material hereto, Defendant has express or constructive knowledge of the work performed by Plaintiff and all other similarly situated Bartenders and Barbacks.

85. Moreover, at all times material hereto, Defendant had express or constructive knowledge of the time Plaintiff and other similarly situated employees worked but failed to keep and maintain accurate time records, thereby violating state and federal law.

86. Plaintiff and the class members performed the same or substantially similar job duties for Defendant at its 2200 N Ocean Boulevard, Fort Lauderdale, Florida 33305 restaurant, as Bartenders and Barbacks, and were otherwise paid in an identical manner by Defendant and were subject to the same employment policies.

87. Plaintiff and the class members performed the same or substantially similar side work for Defendant at its 2200 N Ocean Boulevard, Fort Lauderdale, Florida 33305 restaurant.

88. Although Defendant was aware of the requirements of the FLSA, Florida Constitution and FMWA, and the pertinent regulations thereto, Defendant willfully and/or intentionally failed to pay Plaintiff and the class members in accordance with state and federal law.

## COUNT I – FED. R. CIV. P. 23 CLASS ACTION
## FOR FLORIDA MINIMUM WAGE VIOLATIONS
### (TIP NOTICE CLASS)

89. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 88 as though set forth fully herein.

90. Defendant violated the terms of Fla. Stat. § 448.110 and the Florida Constitution's minimum wage requirements by taking a tip credit toward the applicable Florida minimum wage

but by failing to provide Plaintiff and the putative class members the statutorily required tip notice for the past five (5) years.

91.　　Defendant therefore forfeits any tip credit under Florida law and owes each Bartender and Barback *at least* $3.02 for each hour of work they performed within the past five (5) years.

92.　　On December 11, 2023, and through his counsel, Plaintiff served Defendant with a written pre-suit notice and demand pursuant to Fla. Stat. § 448.110, on behalf of himself, and a class of all similarly situated Bartenders and Barbacks.

93.　　More than fifteen (15) calendar days have elapsed since Plaintiff served Defendant with his written pre-suit notice and demand and as the date and time of this filing, Defendant has failed to tender full payment to Plaintiff and the class.

94.　　In 2019, the Florida minimum wage was $8.46 per hour.

95.　　In 2020, the Florida minimum wage was $8.56 per hour.

96.　　From January 1, 2021, through September 29, 2021, the Florida minimum wage was $8.65 per hour.

97.　　From September 30, 2021, through September 29, 2022, the Florida minimum wage was $10.00 per hour.

98.　　From September 30, 2022, through September 29, 2023, the Florida minimum wage was $11.00 per hour.

99.　　From September 30, 2023, through the present, the Florida minimum wage is/was $12.00 per hour.

100.　　Plaintiff and the proposed Tip Notice Class members are/were subjected to similar violations of the FMWA and Florida Constitution.

101. Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendant's failure to pay Florida minimum wages:

> **All Bartenders and Barbacks who worked for Defendant during the five (5) years preceding this lawsuit who did not receive proper notice from Defendant that it would be taking a tip credit pursuant to Fla. Const. Art. X 24(c) and/or F.S. § 448.110.**

## RULE 23 CLASS ALLEGATIONS

102. Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Tip Notice Class").

103. The putative Tip Notice Class members are treated equally and similarly by Defendant, in that they were denied full and proper Florida minimum wages based on Defendant's failure to provide Plaintiff and similarly situated Bartenders and Barbacks proper notice of Defendant's intent to rely upon a tip credit under Florida law.

104. *Numerosity*: Defendant employed in excess of fifty (50) Bartenders and Barbacks during the past five (5) years who were not provided the required tip notice; nevertheless, Defendant claimed a tip credit for these employees. Given Defendant's considerable size and systematic nature of their failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

105. Plaintiff and the Tip Notice Class members were subject to the same employment policies.

106. *Commonality*: Common questions of law and fact exist as to all members of the Class and such questions predominate over any questions solely affecting any individual member of the Class, including Plaintiff. Such questions common to the class include, but are not limited to, the following: (a) whether Plaintiff and the Tip Credit Class were "employees" of Defendant;

(b) whether Plaintiff's and the Tip Credit Class's hours were properly recorded; (c) whether Defendant violated the Florida minimum wage rights of Plaintiff and the Tip Notice Class under the FMWA by failing to provide sufficient notice of taking a tip credit; (d) whether Defendant willfully or intentionally refused to pay Plaintiff and the Tip Notice Class the Florida minimum wages as required under Florida law; (e) whether Defendant knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and (f) the nature, extent, and measure of damages suffered by the Plaintiff and the Tip Notice Class based upon Defendant's conduct.

107.    *Typicality*: Plaintiff's claims are typical of the claims of the members of the Tip Notice Class. Plaintiff's claims arise from Defendant's company-wide policy of paying all Bartenders and Barbacks a reduced wage without providing the statutorily required notice of taking a tip credit.

108.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Tip Notice Class. Plaintiff has no interest that might conflict with the interests of the Tip Notice Class. Plaintiff is interested in pursuing his claims against Defendant vigorously and has retained counsel competent and experienced in class and complex litigation.

109.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to arise in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

110. Defendant has acted on grounds generally applicable to the Tip Notice Class, thereby making relief appropriate with respect to the Tip Notice Class as a whole. Prosecution of separate actions by individual members of the Tip Notice Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Tip Notice Class that would establish incompatible standards of conduct for Defendant.

111. Without a class action, Defendant will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Tip Notice Class.

112. Plaintiff and the Tip Notice Class members performed the same job duties, as Bartenders and Barbacks, and were paid in an identical manner by Defendant based on Defendant's failure to provide Plaintiff and the Tip Notice Class members the appropriate tip credit notice when Defendant claimed a tip credit.

113. Plaintiff and the Tip Notice Class members were not paid proper Florida minimum wages during the relevant time period.

114. Defendant either willfully chose not to comply with the FMWA's tip credit laws, and deliberately failed to pay the Tip Notice Class properly, or failed to make an adequate inquiry into whether its conduct was in compliance with the FMWA. As a result, Defendant either knew, or showed reckless disregard for, the pertinent Tip Credit laws under the FMWA.

115. Defendant was aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Tip Notice Class members in accordance with the law.

116. The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff

estimates that the total number of putative Tip Notice Class members exceeds fifty (50) Bartenders and Barbacks.

117. This action is intended to include each and every Bartender and Barback who worked at Defendant's restaurant during the past five (5) years who was not provided the requisite tip credit notice during any workweek.

118. During all times material hereto, Plaintiff and all Tip Notice Class members were non-exempt employees of Defendant.

119. Plaintiff and the Tip Notice Class members performed work as Bartenders and Barbacks, which was an integral part of Defendant's business.

120. Defendant violated the FMWA and the Florida Constitution's provision on minimum wages by not providing Plaintiff and the putative Tip Notice Class members the requisite tip credit notice.

121. The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid at least Florida's minimum wage for each hour worked due to Defendant's failure in providing an adequate tip credit notice.

122. Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendant a pre-suit Florida Minimum Wage demand letter as required by Florida law before this claim was filed.

123. A class action suit, such as this one, is superior to other available means for the fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

124. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of the FMWA and Florida Constitution.

125. Furthermore, even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

126. The relief sought is common to the entire class including, among other things: (a) payment by Defendant of actual damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or Fla. Stat. § 448.110; (b) payment by Defendant of liquidated damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or Fla. Stat. § 448.110 as a result of Defendant's intentional and/or willful violations; and (c) payment by Defendant of the costs and expenses of this action, including reasonable attorney's fees of Plaintiff's counsel.

127. Plaintiff and the Tip Notice Class members have sustained damages arising out of the same wrongful and company-wide employment policies of Defendant in violation of the FMWA and the Florida Constitution.

128. Defendant's willful and/or intentional violations of state law entitle Plaintiff and the putative Tip Notice Class members to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, JULIAN LORENZO, respectfully requests that this Honorable Court enter judgment in his favor against Defendant, 2200 RESTAURANT PARTNERS, LLC d/b/a DUNE BY LAURENT TOURONDEL, and award Plaintiff, and the putative class: (a) unpaid

Florida minimum wages to be paid by Defendant; (b) the tip credit unlawfully taken by Defendant; (c) liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and litigation costs permitted by the Florida Constitution and Fla. Stat. § 448.110 to be paid by Defendant; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## COUNT II – COLLECTIVE ACTION
## FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (TIP NOTICE COLLECTIVE)

129.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 88 as though set forth fully herein.

130.    Plaintiff was entitled to be paid the full federal minimum wage in one or more workweeks for certain hours worked during his employment with Defendant.

131.    Defendant attempted to rely on the FLSA's tip credit but failed to provide Plaintiff and all other Bartenders and Barbacks with requisite notice of the tip credit required under federal law.

132.    Plaintiff and the putative collective of Bartenders and Barbacks are therefore entitled to receive the full federal minimum wage at the rate of $7.25 per hour for every hour work within the previous three (3) years.

133.    Defendant either willfully chose not to comply with the FLSA's tip credit laws, and deliberately failed to pay the Tip Notice Collective properly, or failed to make an adequate inquiry into whether its conduct was in compliance with the FLSA. As a result, Defendant either knew, or showed reckless disregard for, the pertinent Tip Credit laws under the FLSA.

134.    Defendant knew Plaintiff had performed work but willfully failed to pay Plaintiff the full federal minimum wage, contrary to the FLSA.

135. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of federal minimum wages for one or more weeks of work during his employment with Defendant.

136. Defendant's willful and/or intentional violations of federal law entitle Plaintiff to an additional amount of liquidated, or double, damages.

137. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover federal minimum wages for himself and the following similarly situated Tip Notice Collective:

> **All Bartenders and Barbacks who worked for Defendant during the three (3) years preceding this lawsuit who did not receive proper notice from Defendant that it would be taking a tip credit toward the required federal minimum wage.**

WHEREFORE, Plaintiff, JULIAN LORENZO, respectfully requests that this Honorable Court enter judgment in his favor against Defendant, 2200 RESTAURANT PARTNERS, LLC d/b/a DUNE BY LAURENT TOURONDEL, and award Plaintiff, and the putative collective: (a) unpaid federal minimum wages; (b) the tip credit unlawfully taken by Defendant; (c) an equal amount of liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendant; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## COUNT III – FED. R. CIV. P. 23 CLASS ACTION
## FOR FLORIDA MINIMUM WAGE VIOLATIONS
### (80/20 CLASS)

138. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 88 as though set forth fully herein.

139. Defendant claimed a tip credit under Florida law for each hour of work performed by Plaintiff and all other Bartenders and Barbacks during the previous five (5) years.

140.    Plaintiff and all other similarly situated Bartenders and Barbacks are/were entitled to be paid Florida's full minimum wage during their employment with Defendant.

141.    Plaintiff and the proposed class members were subjected to similar violations of Florida law as a result of Defendant's failure to pay them the full state minimum wage when they were required to spend more than 20% of their workweek performing non-tipped duties and side work.

142.    Plaintiff seeks recovery of Florida minimum wages under Fed. R. Civ. P. 23 for himself and the following class for Defendant's failure to pay constitutionally mandated state minimum wages:

> **All Bartenders and Barbacks who worked for Defendant during the five (5) years preceding this lawsuit who were required to spend more than 20% of any workweek performing non-tipped duties and side work and were paid a reduced tip credit wage.**

## RULE 23 CLASS ALLEGATIONS

143.    Plaintiff brings his FMWA claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class.

144.    The putative 80/20 Class members are treated equally and similarly by Defendant, in that they were denied Florida minimum wages during the previous five (5) years based upon Defendant requiring Plaintiff and similarly situated Bartenders and Barbacks to spend more than 20% of their workweeks performing non-tipped duties and side work.

145.    *Numerosity:* Defendant employed at least fifty (50) Bartenders and Barbacks at its restaurant located at 2200 N Ocean Boulevard in Fort Lauderdale, Florida 33305 during the past five (5) years who were required to spend more than 20% of their workweeks performing non-tipped duties and side work and were not paid the pertinent Florida minimum wage.

146.     Given Defendant's size and the systematic nature of its failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

147.     Plaintiff and the 80/20 Class members were victims of the same policies, including Defendant's requirement that employees spend more than 20% of each workweek performing non-tipped duties and side work.

148.     *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff. Such questions common to the Class include, but are not limited to the following: (a) whether Plaintiff and the 80/20 Class members were "employees" of Defendant; (b) whether Plaintiff and the 80/20 Class's hours were properly recorded; (c) whether Defendant violated the Florida minimum wage rights of Plaintiff and the 80/20 Class under the FMWA and Florida Constitution by failing to compensate the putative class the full state minimum wage when they spent more than 20% of their workweek performing non-tipped duties and side work; (d) whether Defendant willfully or intentionally refused to pay Plaintiff and the 80/20 Class Florida minimum wages; (e) whether Defendant knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll and time keeping practices; and (f) the nature, extent, and measure of damages suffered by Plaintiff and the 80/20 Class.

149.     *Typicality:* Plaintiff's claims are typical of the claims of the members of the 80/20 Class.  Plaintiff's claims arise from Defendant's company-wide policy of claiming a tip credit for all Bartenders and Barbacks and requiring them spend more than 20% of their workweek on non-tipped duties and side work.

150.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the 80/20 Class. Plaintiff has no interest that might conflict with the interests of the 80/20 Class. Plaintiff is determined to pursue his claims against Defendant vigorously and has retained counsel competent and experienced in class and employment litigation.

151.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

152.    Defendant acted on grounds generally applicable to the 80/20 Class, thereby making relief appropriate with respect to the 80/20 Class as a whole. Prosecution of separate actions by individual members of the 80/20 Class would create the risk of varying adjudications with respect to the individual members of the 80/20 Class that would establish incompatible standards of conduct for Defendant.

153.    The identity of the 80/20 Class is readily identifiable from Defendant's records.

154.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of its violations of the FMWA and Florida Constitution.

155.    Furthermore, even if every member of the 80/20 Class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating

the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

156. Plaintiff and the 80/20 Class members performed the same job duties, as restaurant Bartenders and Barbacks, and were paid in an identical manner by Defendant based on Defendant requiring restaurant Bartenders and Barbacks to spend more than 20% of shifts and workweeks on non-tipped duties and side work without paying restaurant Bartenders and Barbacks at least the full applicable Florida minimum wage.

157. This action is intended to include each and every restaurant Bartender and Barback who worked for Defendant at its restaurant located at 2200 N Ocean Boulevard in Fort Lauderdale, Florida 33305 during the past five (5) years who was required to spend more than 20% of their workweek performing non-tipped duties and side work.

158. During all material times hereto, Plaintiff and all 80/20 Class members are/were non-exempt, tipped employees of Defendant.

159. Bartenders' and Barbacks' work for Defendant is an integral part of Defendant's business.

160. In 2019, the Florida minimum wage was $8.46 per hour.

161. In 2020, the Florida minimum wage was $8.56 per hour.

162. From January 1, 2021, until September 29, 2021, the Florida minimum wage was $8.65 per hour.

163. From September 30, 2021, through the September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

164. From September 30, 2022, through September 29, 2023, the Florida Minimum Wage was $11.00 per hour.

165.     From September 30, 2023, through the present, the Florida Minimum Wage was/is $12.00 per hour.

166.     Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendant a Florida minimum wage demand before this claim was filed.

167.     More than fifteen (15) calendar days have passed since Defendant received the Florida minimum wage demand letter and no payment has been tendered by Defendant to compensate Plaintiff and the putative 80/20 Class for the minimum wages owed.

168.     The relief Plaintiff seeks is common to the entire class including, inter alia: (a) payment by the Defendant of actual damages caused by its failure to pay minimum wages pursuant to the Florida Minimum Wage Act and Florida Constitution; (b) payment by the Defendant of liquidated damages caused by its intentional and/or willful failure to pay minimum wages pursuant to the Florida Minimum Wage Act and Florida Constitution; (c) payment by the Defendant of the costs and expenses of this action, including attorney's fees and costs of Plaintiff's counsel.

169.     Defendant either willfully chose not to comply with the FMWA's 80/20 laws, and deliberately failed to pay the 80/20 Class properly, or failed to make an adequate inquiry into whether its conduct was in compliance with the FMWA. As a result, Defendant either knew, or showed reckless disregard for, the pertinent 80/20 laws under the FMWA.

170.     Defendant was aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the 80/20 Class members in accordance with the law.

171.     Defendant's willful and/or intentional violations of state law entitle Plaintiff and the putative 80/20 Class members to an additional amount of liquidated, or double, damages.

172.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the 80/20 Class members have been damaged in the loss of Florida minimum wages for one or more weeks of work during their employment with Defendant.

WHEREFORE, Plaintiff, JULIAN LORENZO, respectfully requests that this Honorable Court enter judgment in his favor against Defendant, 2200 RESTAURANT PARTNERS, LLC d/b/a DUNE BY LAURENT TOURONDEL, and award Plaintiff, and the putative class: (a) unpaid Florida minimum wages to be paid by Defendant; (b) the tip credit unlawfully taken by Defendant; (c) liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and litigation costs permitted by the Florida Constitution and Fla. Stat. § 448.110 to be paid by Defendant; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## COUNT IV – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (80/20 COLLECTIVE)

173.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 88 as though set forth fully herein.

174.     Plaintiff and all other similarly situated Bartenders and Barbacks are/were entitled to be paid full federal minimum wage for certain hours worked during their employment with Defendant.

175.     Defendant claimed a tip credit for each hour of work for Plaintiff and all other Bartenders and Barbacks during all times material hereto (except during training periods).

176.     However, Defendant commonly required Bartenders and Barbacks to spend a substantial portion of their workweek performing side work and non-tipped duties.

177.    Plaintiff and the proposed collective members were subjected to similar violations of federal law as a result of the Defendant's claiming a tip credit and requiring all Bartenders and Barbacks to spend more than 20% of their workweek performing non-tipped duties and side work.

178.    Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover of federal minimum wages for himself and the following similarly situated 80/20 Collective:

> **All Bartenders and Barbacks who worked for Defendant during the three (3) years preceding this lawsuit who were required to spend more than 20% of any workweek performing non-tipped duties and side work and were paid a reduced tip credit wage.**

179.    Defendant willfully failed to pay Plaintiff and the putative collective members the full federal minimum wage for one or more weeks of work.

180.    As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the collective members have been damaged in the loss of federal minimum wages for one or more weeks of work during their employment with Defendant.

181.    Defendant either willfully chose not to comply with the FLSA's 80/20 laws, and deliberately failed to pay the 80/20 Collective properly, or failed to make an adequate inquiry into whether its conduct was in compliance with the FLSA. As a result, Defendant either knew, or showed reckless disregard for, the pertinent 80/20 laws under the FLSA.

182.    Defendant's willful and/or intentional violations of federal law entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, JULIAN LORENZO, respectfully requests that this Honorable Court enter judgment in his favor against Defendant, 2200 RESTAURANT PARTNERS, LLC d/b/a DUNE BY LAURENT TOURONDEL, and award Plaintiff, and the putative collective: (a) unpaid federal minimum wages; (b) the tip credit unlawfully taken by Defendant; (c) an equal amount of liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and

litigation costs as permitted under the FLSA to be paid by Defendant; and any and all such further relief as the Court deems just and reasonable under the circumstances.

**COUNT V – FED. R. CIV. P. 23 CLASS ACTION**
**FOR FLORIDA MINIMUM WAGE VIOLATIONS**
**(SUBSTANTIAL SIDE WORK CLASS)**

183.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 88 as though set forth fully herein.

184.    Defendant claimed a tip credit for each hour of work performed by Plaintiff and all other Bartenders and Barbacks during all times material hereto (except for training periods).

185.    Plaintiff and all other similarly situated Bartenders and Barbacks are/were entitled to be paid full Florida minimum wage for each hour worked during their employment with Defendant.

186.    Plaintiff seeks recovery of Florida minimum wages under Fed. R. Civ. P. 23 for himself and the following Substantial Side Work Class because of Defendant's failure to pay constitutionally mandated state minimum wages:

> **All Bartenders and Barbacks who worked for Defendant on or after December 28, 2021, who were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.**

187.    Pursuant to state and federal law, any side work consisting of more than thirty (30) continuous minutes is considered "substantial" side work and is not considered to be part of the tipped occupation.

188.    Although side work consisting of more than thirty (30) continuous minutes must be paid at the full state minimum wage, Defendant impermissibly claimed a tip credit for all work performed by Bartenders and Barbacks after their training periods.

189.     Defendant refused to compensate Plaintiff and all other Bartenders and Barbacks the full Florida minimum wage, including during shifts when they were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work.

190.     Defendant required Plaintiff and all other Bartenders and Barbacks to arrive to opening shifts approximately two (2) hours before Defendant's restaurant opened to the public. Additionally, Bartenders and Barbacks were required to clock out approximately one (1) hour before the restaurant opened to the public. During the times in which Bartenders and Barbacks were clocked in before the restaurant opened, Defendant unlawfully claimed a tip credit of approximately $3.02 per hour and paid Plaintiff and all other Bartenders and Barbacks less than the applicable state minimum wage.

191.     In addition, Defendant required Plaintiff all other Bartenders and Barbacks to spend approximately one-and-a-half (1.5) to two (2) continuous hours during each closing shift on side work and non-tipped duties, including when the restaurant's kitchen was closed and when tipped employees could not earn tips. During this time, Defendant claimed a tip credit of approximately $3.02 per hour and paid Plaintiff and all other Bartenders and Barbacks less than the applicable state minimum wage.

192.     Because Plaintiff and all other similarly situated employees were required to spend more than thirty (30) continuous minutes each shift on side work and non-tipped duties, Defendant is not permitted to take the applicable tip credit for this work and committed categorical Florida minimum wage violations since this became unlawful on December 28, 2021.

### RULE 23 CLASS ALLEGATIONS

193.     Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all restaurant Bartenders and Barbacks who worked

for Defendant at its restaurant at 2200 North Ocean Blvd., in Fort Lauderdale, Florida 33305 since December 28, 2021, who were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.

194. The putative Substantial Side Work Class members are treated equally and similarly by Defendant, in that they were denied full and proper Florida minimum wages based upon the Defendant's class-wide requirement for Bartenders and Barbacks to spend more than thirty (30) continuous minutes on non-tipped duties and side work during each shift.

195. *Numerosity:* Defendant employed at least 50 restaurant Bartenders and Barbacks at its restaurant at 2200 North Ocean Blvd., in Fort Lauderdale, Florida 33305 since December 28, 2021, who were not paid Florida minimum wages as a result Defendant's requirement that these employees spend more than thirty (30) continuous minutes during each shift on non-tipped duties and side work.

196. Given Defendant's size and the systematic nature of its failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

197. Plaintiff and the Substantial Side Work Class members were victim to the same employment policies, including Defendant's requirement for these employees to spend more than thirty (30) continuous minutes during each shift on non-tipped duties and side work.

198. *Commonality:* Common questions of law and fact exist as to all members of the Substantial Side Work Class and predominate over any questions solely affecting any individual member of the Substantial Side Work Class, including Plaintiff. Such questions common to the Substantial Side Work Class include, but are not limited to, the following: (a) whether Plaintiff and the Substantial Side Work Class were "employees" of Defendant; (b) whether Plaintiff and the Substantial Side Work Class's hours were properly recorded; (c) whether Defendant violated the

Florida minimum wage rights of Plaintiff and the Substantial Side Work Class under the Florida Minimum Wage Act and Florida Constitution by requiring Bartenders and Barbacks to spend more than thirty (30) continuous minutes on non-tipped duties on side work; (d) whether Defendant willfully or intentionally refused to pay Plaintiff and the Substantial Side Work Class Florida minimum wages; (e) whether Defendant knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper time-keeping and payroll practices; and (f) the nature, extent, and measure of damages suffered by the Plaintiff and the Substantial Side Work Class based upon Defendant's conduct.

199.     *Typicality:* Plaintiff's claims are typical of the claims of the members of the Substantial Side Work Class. Plaintiff's claims arise from the Defendant's company-wide requirement for Bartenders and Barbacks to spend more than thirty (30) continuous minutes on non-tipped duties and side work each shift.

200.     *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Substantial Side Work Class.  Plaintiff has no interest that might conflict with the interests of the Substantial Side Work Class.  Plaintiff is interested in pursuing his claims against Defendant vigorously and has retained counsel competent and experienced in class and employment litigation.

201.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

202.     Defendant has acted on grounds generally applicable to the Substantial Side Work Class, thereby making relief appropriate with respect to the Substantial Side Work Class as a whole. Prosecution of separate actions by individual members of the Substantial Side Work Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Substantial Side Work Class that would establish incompatible standards of conduct for Defendant.

203.     Without a class action, Defendant will likely continue to retain the benefit of its wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Substantial Side Work Class.

204.     Plaintiff and the Substantial Side Work Class members performed the same job duties, as restaurant Bartenders and Barbacks, and were scheduled to work and paid in an identical manner by Defendant. Defendant Requires all Bartenders and Barbacks to spend substantial time on non-tipped duties and side work during each shift, including approximately one (1) continuous hour of side work during opening shifts and one-and-a-half (1.5) to two (2) continuous hours of side work during closing shifts when Defendant's restaurant is not open to the public. This caused state minimum wage violations during various workweeks after December 28, 2021.

205.     The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of putative Substantial Side Work Class members exceeds 50 restaurant Bartenders and Barbacks.

206.     This action is intended to include each and every restaurant Bartender and Barback who worked for Defendant in Fort Lauderdale, Florida, since December 28, 2021, who was

required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.

207.	Plaintiff and the Substantial Side Work Class members performed work as restaurant Bartenders and Barbacks which was integral to Defendant's business operations.

208.	In 2019, the Florida minimum wage was $8.46 per hour.

209.	In 2020, the Florida minimum wage was $8.56 per hour.

210.	From January 1, 2021, until September 29, 2021, the Florida minimum wage was $8.65 per hour.

211.	From September 30, 2021, through the September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

212.	From September 30, 2022, through September 29, 2023, the Florida Minimum Wage was $11.00 per hour.

213.	From September 29, 2023, through the present, the Florida Minimum Wage is/was $12.00 per hour.

214.	Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendant a Florida minimum wage demand letter before this claim was filed.

215.	More than fifteen (15) calendar days have passed since Defendant received the Florida minimum wage demand letter and no payment has been tendered by Defendant to compensate Plaintiff or the putative Substantial Side Work Class their Florida minimum wages.

216.	The relief sought is common to the entire class including, inter alia: (a) payment by the Defendant of actual damages caused by its failure to pay Florida minimum wages pursuant to the Florida Constitution and Florida Minimum Wage Act; (b) payment by the Defendant of

liquidated damages caused by its failure to pay Florida minimum wages pursuant to the Florida Constitution and Florida Minimum Wage Act as a result of Defendant's intentional and/or willful violations; (c) payment by the Defendant of the costs and expenses of this action, including attorney's fees of Plaintiff's counsel.

217. Defendant either willfully chose not to comply with the FMWA's substantial side work laws, and deliberately failed to pay the Substantial Side Work Class properly, or failed to make an adequate inquiry into whether its conduct was in compliance with the FMWA. As a result, Defendant either knew, or showed reckless disregard for, the pertinent substantial side work laws under the FMWA.

218. Defendant was aware of the requirements of the FMWA and Florida Constitution's Minimum Wage Amendment, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Substantial Side Work Class members in accordance with the law.

219. Defendant's willful and/or intentional violations of state law entitle Plaintiff and the putative Substantial Side Work Class members to an additional amount of liquidated, or double, damages.

220. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the Substantial Side Work Class members have been damaged in the loss of Florida minimum wages for one or more weeks of work after December 28, 2021.

WHEREFORE, Plaintiff, JULIAN LORENZO, respectfully requests that this Honorable Court enter judgment in his favor against Defendant, 2200 RESTAURANT PARTNERS, LLC d/b/a DUNE BY LAURENT TOURONDEL, and award Plaintiff, and the putative class: (a) unpaid Florida minimum wages to be paid by Defendant; (b) the tip credit unlawfully taken by Defendant; (c) liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and litigation

costs permitted by the Florida Constitution and Fla. Stat. § 448.110 to be paid by Defendant; and any and all such further relief as the Court deems just and reasonable under the circumstances.

**COUNT VI – COLLECTIVE ACTION**
**FOR FEDERAL MINIMUM WAGE VIOLATIONS**
**(SUBSTANTIAL SIDE WORK COLLECTIVE)**

221.    Plaintiffs re-alleges and re-avers Paragraphs 1 through 88 as though fully set forth herein.

222.    Defendant claimed a tip credit under federal law for each hour of work performed by Plaintiff and all other Bartenders and Barbacks after their training periods.

223.    Plaintiff and all other similarly situated Bartenders and Barbacks are/were entitled to be paid full federal minimum wage for all hours worked during their employment with Defendant.

224.    Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover federal minimum wages for himself and the following similarly situated Substantial Side Work Collective:

> **All Bartenders and Barbacks who worked for Defendant on or after December 28, 2021, who were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.**

225.    Defendant violated the FLSA because it required Bartenders and Barbacks to spend more than thirty (30) continuous minutes on non-tipped duties and side work.

226.    Defendant required Plaintiff and all other Bartenders and Barbacks to spend substantial time working on tip supporting work, side work and non-tipped duties and claimed a tip credit for this work (instead of paying these employees the full applicable federal minimum wage).

227. Because Plaintiff and all other similarly situated employees were required to spend more than thirty (30) continuous minutes on tip supporting work, non-tipped duties and side work, Defendant is not permitted to take the applicable tip credit under federal law.

228. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the collective members have been damaged in the loss of federal minimum wages for one or more weeks of work.

229. Defendant either willfully chose not to comply with the FLSA's substantial side work laws, and deliberately failed to pay the Substantial Side Work Collective properly, or failed to make an adequate inquiry into whether its conduct was in compliance with the FLSA. As a result, Defendant either knew, or showed reckless disregard for, the pertinent substantial side work laws under the FLSA.

230. Defendant's willful and/or intentional violations of the FLSA entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, JULIAN LORENZO, respectfully requests that this Honorable Court enter judgment in his favor against Defendant, 2200 RESTAURANT PARTNERS, LLC d/b/a DUNE BY LAURENT TOURONDEL, and award Plaintiff, and the putative collective: (a) unpaid federal minimum wages; (b) the tip credit unlawfully taken by Defendant; (c) an equal amount of liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendant; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## COUNT VII – COLLECTIVE ACTION
## FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (OFF-THE-CLOCK COLLECTIVE)

231.   Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 88 as though set forth fully herein.

232.   Plaintiff was entitled to be paid at least full federal minimum wage for the time that he spent performing work for Defendant's benefit.

233.   Defendant forced Plaintiff and all other Bartenders and Barbacks to perform work through mandatory unpaid meal periods.

234.   The mandatory unpaid meal periods were not optional during the previous three (3) years.

235.   Mandatory unpaid meal periods were predominantly for the benefit of Defendant during the previous three (3) years.

236.   Mandatory unpaid meal periods were at least one-hour in-length and were therefore more than *de minimis* during the previous three (3) years.

237.   Plaintiff did not volunteer to work throughout the mandatory unpaid meal period, nor did Plaintiff volunteer to remain on the premises of the Restaurant during the unpaid meal period.

238.   Similarly, all other Bartenders and Barbacks similarly situated to Plaintiff did not volunteer to work through the mandatory unpaid meal period nor did they volunteer to remain on the premises of the Restaurant during the unpaid meal period.

239.   Plaintiff and the putative collective of Bartenders and Barbacks are therefore entitled to receive the full federal minimum wage of $7.25 per hour for the time they were required to clock-out for the mandatory meal period.

240.   Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover federal minimum wages for himself and the following similarly situated Off-the-Clock Collective:

**All Bartenders and Barbacks who worked for Defendant during the three (3) years preceding this lawsuit who, in one or more workweeks, were required by Defendant to work off-the-clock during their meal periods.**

241.    Defendant knew that Plaintiff performed work—and expressly required Plaintiff to perform this work—but willfully failed to pay Plaintiff full federal minimum wage, contrary to the FLSA.

242.    As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of federal minimum wages for one or more weeks of work during his employment period.

243.    Defendant either willfully chose not to comply with the FLSA's minimum wage laws as it relates to off-the-clock work, and deliberately failed to pay the Off-the-Clock Collective properly, or failed to make an adequate inquiry into whether its conduct was in compliance with the FLSA. As a result, Defendant either knew, or showed reckless disregard for, the pertinent minimum wage laws under the FLSA.

244.    Defendant's willful and/or intentional violations of law entitle Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, JULIAN LORENZO, respectfully requests that this Honorable Court enter judgment in his favor against Defendant, 2200 RESTAURANT PARTNERS, LLC d/b/a DUNE BY LAURENT TOURONDEL, and award Plaintiff, and the putative collective: (a) unpaid federal overtime wages; (b) an equal amount of liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendant; and any and all such further relief as the Court deems just and reasonable under the circumstances.

245. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 88 as though set forth fully herein.

246. Defendant violated the terms of F.S. § 448.110 and the Florida Constitution's minimum wage requirements by forcing Plaintiff and all similarly situated Bartenders and Barbacks to work through a mandatory unpaid meal period approximately one-hour in length.

247. Defendant owes Plaintiff and all other Bartenders and Barbacks the full applicable Florida minimum wage for the time that they were required by Defendant to clock-out for a mandatory meal period during the course of the previous five (5) years.

248. The mandatory unpaid meal period required by Defendant predominantly benefitted Defendant and was not optional.

249. Plaintiff and all other Bartenders and Barbacks did not volunteer to work through the mandatory unpaid meal period, nor did Plaintiff and all other Bartenders and Barbacks volunteer to attend meetings during this unpaid hour, and lastly, Plaintiff and all other Bartenders and Barbacks did not volunteer to remain on the Restaurant's premises during this unpaid meal period.

250. Mandatory meal periods are/were off-the-clock and lasted approximately one-hour in length, and were therefore more than *de minimis*.

251. All conditions precedent to this action have been performed, or waived, by sending Defendants a written pre-suit Florida Minimum Wage demand letter as required by Florida law before this claim was filed. *See* Fla. Stat. § 448.110.

252. More than 15 days have passed since Plaintiff served his written pre-suit Notice on Defendant, and Defendant has failed to tender any payment to Plaintiff.

253. In 2019, the Florida Minimum Wage was $8.46 per hour.

254. In 2020, the Florida Minimum Wage was $8.56 per hour.

255. From January 1, 2021, through September 29, 2021, the Florida Minimum Wage was $8.65 per hour.

256. From September 30, 2021, through the September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

257. From September 30, 2022, through September 29, 2023, the Florida Minimum Wage was $11.00 per hour.

258. From September 30, 2023, through the present, the Florida Minimum Wage was/is $12.00 per hour.

259. Plaintiff and the proposed Off-the-Clock Class members were subjected to identical violations of the FMWA and Florida Constitution.

260. Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendant's failure to pay constitutionally mandated Florida minimum wages:

> **Off-the-Clock Class: All Bartenders and Barbacks who worked for Defendant during the five (5) years preceding this lawsuit who, in one or more workweeks, were required by Defendant to work off-the-clock during their meal periods.**

## RULE 23 CLASS ALLEGATIONS

261. Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Off-the-Clock Class").

262. The putative Off-the-Clock Class members are treated equally and similarly by Defendant, in that they were denied full and proper Florida minimum wages based on Defendant's failure to pay Plaintiff and the class any wages for monthly meetings.

263. *Numerosity:* Defendant employed more than 60 Bartenders and Barbacks in the class in the five (5) years preceding the filing of this lawsuit who were required to clock-out for mandatory unpaid lunchbreaks but were nonetheless required to work throughout these meal periods without compensation despite being clocked-out. Given Defendant's considerable size and the systematic nature of its failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

264. *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff. Such questions common to the Class include, but are not limited to the following: (a) Whether Plaintiff and the Off-the-Clock Class's hours were properly recorded; (b) Whether Defendant violated the Florida minimum wage rights of Plaintiff and the Off-the-Clock Class under the FMWA by requiring them to clock-out for meal periods but nonetheless work throughout their meal periods; (c) The length of mandatory meal periods; (d) Whether Defendant willfully or intentionally refused to pay Plaintiff and the Off-the-Clock Class Florida minimum wages as required under Florida law; (e) Whether Defendant knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and (f) The nature, extent, and measure of damages suffered by the Plaintiff and the Off-the-Clock Class based upon Defendant's conduct.

265. *Typicality:* Plaintiff's claims are typical of the claims of the members of the Off-the-Clock Class. Plaintiff's claims arise from Defendant's company-wide policy of requiring

Bartenders and Barbacks to clock-out for meal periods but nonetheless work throughout these mandatory meal periods.

266.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Off-the-Clock Class.  Plaintiff has no interest that might conflict with the interests of the Off-the-Clock Class.  Plaintiff is interested in pursuing his claims against Defendant vigorously and has retained counsel competent and experienced in class and complex litigation.

267.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

268.    Defendant has acted on grounds generally applicable to the Off-the-Clock Class, thereby making relief appropriate with respect to the Off-the-Clock Class as a whole.  Prosecution of separate actions by individual members of the Off-the-Clock Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Off-the-Clock Class that would establish incompatible standards of conduct for Defendant.

269.    Without a class action, Defendant will likely continue to retain the benefit of its wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Off-the-Clock Class.

270.    Plaintiff and the Off-the-Clock Class members performed the same job duties, as Servers, and were treated by Defendant in an identical manner based on Defendant's failure to

pay Plaintiff and the Off-the-Clock Class for their time spent working throughout mandatory meal periods.

271.     The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants; however, Plaintiff estimates that the total number of putative Off-the-Clock Class members exceeds fifty (50) Bartenders and Barbacks.

272.     This action is intended to include every Bartender and Barback who worked for Defendant in Fort Lauderdale, Florida, during the past five (5) years who was not paid for time spent working throughout mandatory meal periods.

273.     During all material times hereto, Plaintiff and all Off-the-Clock Class members were non-exempt employees of Defendant.

274.     Plaintiff and the Off-The-Clock Class members performed work as Bartenders and Barbacks which was an integral part of Defendant's business.

275.     The additional persons who may become Plaintiffs in this action are Bartenders and Barbacks who were required to work through mandatory lunch-breaks without compensation.

276.     The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

277.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of the FMWA and Florida Constitution.

278. Furthermore, even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

279. Plaintiff and the Off-the-Clock Class members have sustained damages arising out of the same wrongful and company-wide employment policies of Defendant in violation of the FMWA and Florida Constitution.

280. Defendant either willfully chose not to comply with the FMWA's minimum wage laws as it relates to off-the-clock work, and deliberately failed to pay the Off-the-Clock Class properly, or failed to make an adequate inquiry into whether its conduct was in compliance with the FMWA. As a result, Defendant either knew, or showed reckless disregard for, the pertinent minimum wage laws under the FMWA.

281. Defendant was aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Off-the-Clock Class members in accordance with the law.

WHEREFORE, Plaintiff, JULIAN LORENZO, respectfully requests that this Honorable Court enter judgment in his favor against Defendant, 2200 RESTAURANT PARTNERS, LLC d/b/a DUNE BY LAURENT TOURONDEL, and award Plaintiff, and the putative collective: (a) unpaid federal overtime wages; (b) an equal amount of liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendant; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## COUNT VIII – COLLECTIVE ACTION
## FOR FEDERAL OVERTIME WAGE VIOLATIONS
### (OVERTIME COLLECTIVE)

282.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 88 as though set forth fully herein.

283.    Plaintiff alleges this action pursuant to the FLSA, 29 U.S.C. § 216(b).

284.    Defendant refused to pay Plaintiff and all other similarly situated Bartenders and Barbacks one-and-one-half times their regular hourly rates for some hours of work over forty (40) in one or more workweeks within the past three years preceding the filing of this lawsuit.

285.    Defendant routinely required Plaintiff and all other similarly situated Bartenders and Barbacks to clock-out for a meal period that they are required by Defendant to work throughout.

286.    Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover federal overtime wages for himself and the following similarly situated Overtime Collective:

> **Overtime Collective: All Bartenders and Barbacks who worked for Defendant during the three (3) years preceding this lawsuit who, in one or more workweeks, worked off-the-clock during their meal periods and whose time spent performing work off-the-clock caused him/her to work more than forty (40) hours within that workweek.**

287.    Plaintiff therefore claims the applicable federal overtime wage rate for certain weekly hours worked over forty (40) during his employment period.

288.    Defendant violated the FLSA because it required Bartenders and Barbacks to work more than 40 hours in a workweek but did not compensate these Bartenders and Barbacks applicable federal overtime wages for all of this work.

289.     Defendant either willfully chose not to comply with the FLSA's overtime laws, and deliberately failed to pay the Overtime Collective properly, or failed to make an adequate inquiry into whether its conduct was in compliance with the FLSA. As a result, Defendant either knew, or showed reckless disregard for, the pertinent overtime laws under the FLSA.

290.     Defendant's willful and/or intentional violations of law entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

291.     Defendants allowed these violations of federal law to continue to occur, notwithstanding that this practice runs contrary to the FLSA.

292.     Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

293.     As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JULIAN LORENZO, respectfully requests that this Honorable Court enter judgment in his favor against Defendant, 2200 RESTAURANT PARTNERS, LLC d/b/a DUNE BY LAURENT TOURONDEL, and award Plaintiff, and the putative collective: (a) unpaid federal overtime wages; (b) an equal amount of liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendant; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, JULIAN LORENZO, on behalf of himself and each collective and class demands a trial by jury on all appropriate claims.

**Date: January 12, 2024**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Michael V. Miller*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MICHAEL MILLER, ESQUIRE
Florida Bar No. 64005
*Jordan@jordanrichardspllc.com*
*Michael@usaemploymentlawyers.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on January 12, 2024.

By: */s/ Michael V. Miller*
MICHAEL V. MILLER, ESQUIRE
Florida Bar No. 0064005

## SERVICE LIST