UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO: 0:24-cv-60078-WPD

JULIAN LORENZO, on behalf of himself
and all others similarly situated,

    Plaintiff(s),

    v.

2200 RESTAURANT PARTNERS, LLC
d/b/a DUNE BY LAURENT TOURONDEL

    Defendant.

_____/

## JOINT MOTION FOR APPROVAL OF INDIVIDUAL FLSA SETTLEMENT AGREEMENTS AND ORDER OF DISMISSAL WITH PREJUDICE

Plaintiff, JULIAN LORENZO ("Plaintiff"), Opt-in Plaintiff WILLIAM MILLER, and Opt-in Plaintiff, JOHN BELLOISE (collectively referred to herein as "Plaintiffs")[1] and Defendant, 2200 RESTAURANT PARTNERS, LLC d/b/a DUNE BY LAURENT TOURONDEL ("Defendant") (Plaintiffs and Defendant collectively referred to herein as "Parties") hereby file this Joint Motion for Approval of Individual FLSA Settlement Agreements and Order of Dismissal with Prejudice and in support thereof state as follows:

### I.     INTRODUCTION AND FACTUAL BACKGROUND

On January 12, 2024, Plaintiff filed his Complaint for Damages and Demand for Jury Trial ("Complaint") in the United States District Court for the Southern District of Florida, Fort Lauderdale Division, on behalf of himself and others similarly situated. *See* D.E. 1. Plaintiff's

---

[1] On August 15, 2024, former Opt-in Plaintiff, CHRISTINE STOCKINGER, filed a Notice of Withdrawal of Consent to Join [D.E. 33] and is no longer a participant in this case.

1

Complaint alleges that Defendant violated the Florida Minimum Wage Act, Fla. Stat. § 448.110 ("the FMWA") and Fair Labor Standards Act ("FLSA") by failing to pay restaurant Bartenders and Barbacks applicable minimum wages during their employment at Defendant's restaurant located at 2200 North Ocean Boulevard, Ft. Lauderdale, FL 33305 *Id.* Specifically, Plaintiff alleged that Defendant failed to provide sufficient notice of the tip credit under state and federal law, required Barbacks and Bartenders to spend more than 20% of their workweeks performing non-tipped duties, and required Barbacks and Bartenders to spend more than 30-continuous minutes performing non-tipped work without being paid applicable minimum wage for this work. *See* D.E. 1. On January 30, 2024, Plaintiff, along with opt-in Plaintiffs, William Miller ("Miller") and John Belloise ("Belloise") filed their Consents to Sue under Fair Labor Standards Act. *See* D.E. 8-1; D.E. 8-1; D.E. 10-1. On March 13, 2024, former Opt-in Plaintiff, Christine Stockinger, filed her now withdrawn Consent to Sue under the FLSA. *See* D.E. 15-1; D.E 33. The Parties then agreed to an early mediation. *See* D.E. 18.

After the Court denied the Parties' motions to approve a class settlement, the Parties decided to settle all of their wage and hour claims on an individual basis. The Parties now present Plaintiffs' individual Settlement Agreements and Releases (the "Individual Agreements") to this Court, which they believe are a fair, reasonable, and adequate resolution of *bona fide* disputes each Plaintiff had with Defendant. *See* **Exhibit A**. Given the bona fide factual and legal disputes that exist, the Parties have now commemorated their resolution into the Individual Agreements through counsel and have reached an accord on all material terms.

The Individual Agreements were negotiated at arms-length between the Parties. The settlement reached in this case provides Plaintiffs with fair and reasonable compensation for the claims asserted in the Complaint.

Counsel for Plaintiffs are also being compensated reasonable attorneys' fees separate and apart from the settlement amounts paid to Plaintiffs. Given the contentious nature of the dispute, Plaintiffs' counsel incurred a significant amount of time litigating this case. A full accounting of the reasonable hourly rates and hours billed by Plaintiffs' counsel in this matter is provided to the Court along with a Declaration of Jordan Richards, Esq. in support of this Motion. *See* **Exhibit "B".**

The parties agree that the amount being paid to Plaintiffs' counsel under the Individual Agreements is fair and reasonable compensation for the work performed and the results obtained on behalf of the Plaintiffs. Accordingly, the Parties respectfully request that this Honorable Court grant their Joint Motion for Court Approval of Individual Settlement Agreements and Request for Order of Dismissal with Prejudice.

**II.    SUMMARY OF THE SETTLEMENT TERMS**

Defendant has agreed to make settlement payments to each Plaintiff that represents fair and reasonable compensation for the contested resolution of all claims asserted in the Complaint. The settlement compensates Plaintiffs at an hourly rate of approximately $.70 cents for every hour worked.

The Parties separately negotiated fair and reasonable attorney's fees in the aggregate of $3,000.00 based on the amount of time expended and the complexity of the litigation. The amount of the fees and costs payable under the terms of the Individual Agreement do not impact the claims and were negotiated without regard to the amounts paid to Plaintiffs. In addition, Plaintiffs' counsel is receiving a voluntarily reduced amount of the attorneys' fees and costs incurred according to their own internal accounting documents. See **Exhibit "B"**. The Parties agree that the attorney's fees and costs are fair and reasonable compensation for the time and effort incurred by

3

Plaintiffs' counsel in this litigation of this action, and were necessary for the prosecution of this action particularly in light of the extensive litigation that occurred on these highly fact-specific claims and defenses. Plaintiffs' lead counsel, Jordan Richards, Esq. and Michael V. Miller Esq., billed a reasonable hourly rate. Plaintiffs' Counsel's rate is consistent with hourly rates previously awarded to Plaintiffs' Counsel as reasonable in the litigation of similar claims before this Court. Defendant does not oppose Plaintiffs' Counsel's recovery of the fees or expenses provided for under the terms of the Individual Agreements and does not object to the reasonableness of Plaintiffs' fees and costs or that they were reasonably and necessarily incurred for Plaintiffs to obtain the results received in this action.

### III. <u>MEMORANDUM OF LAW</u>

#### a. <u>The History of Court Approval of Settlement Agreements Under the Fair Labor Standards Act ("FLSA")</u>

Unlike many other legal claims, parties may not bargain away the protections of the Fair Labor Standards Act ("FLSA"). *See, e.g., Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damages is called for"). In the Eleventh Circuit, there are two ways in which claims under the FLSA may be settled and released by employees. First, Section 216(c) of the FLSA allows employees to settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). The only other way a claim under the FLSA may be settled is in the context of private litigation brought by an employee against an employer under Section 216(b), where an employee may settle and release FLSA claims against an employer if the

parties present the court with a proposed settlement and the court enters a stipulated judgment approving the fairness of the settlement. *Id.; see, also, Sculte, Inc. v. Gandi,* 328 U.S. 108 (1946).

The Eleventh Circuit has stated that the circumstances justifying court approval of an FLSA settlement in a litigation context are as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The following factors are typically considered by the Court in determining the reasonableness of an FLSA settlement agreement:

(1) The existence of fraud or collusion behind the settlement;
(2) The complexity, expense, and likely duration of the litigation;
(3) The stage of the proceedings and amount of discovery completed;
(4) The probably of plaintiff's success on the merits;
(5) The range of possible recovery; and
(6) The opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *see, also, Hamilton v. Frito-Lay, Inc.,* 2007 WL 328792 (M.D. Fla. Jan. 8, 2007) *report and recommendation adopted,* 2007 WL 219981 (M.D. Fla. Jan. 26, 2007).

If a settlement under the FLSA reflects a reasonable compromise over FLSA issues that are in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Exantus v. Fiesta Restaurant Group, Inc.,* 2023 WL 8720202 (S.D. Fla.

Dec. 18, 2023) (Ruiz, J.) (approving FLSA settlement as fair and reasonable) *quoting Lynn's Food Stores,* 679 F.2d at 1354. "District courts have broad discretion in reviewing and approving FLSA settlement agreements." *See, e.g., Henkle v. Monkey in Paradise, LLC,* 2023 WL 5961532 at *1 (S.D. Fla. Sept. 13, 2023) (Middlebrooks, J.) *quoting Rodrigues v. CNP of Sanctuary, LLC,* 523 F. App'x 628, 629 (11th Cir. 2013).

### b. The Settlement of the Instant Action Involves a Reasonable Compromise of Disputed Claims and Should be Approved to Promote the Policy of Encouraging Settlement in Litigation

The proposed settlement in this case arises out of an action brought by the Plaintiff against his former employer and the action is therefore adversarial in nature. During litigation and settlement of this action, all Parties were represented by counsel experienced in FLSA litigation. The settlement of the FLSA claims in this case is the result of a compromise of a *bona fide* dispute involving contested issues of law and fact, including, without limitation: (a) the constitutionality of the substantial side work claims alleged by Plaintiff; (b) the amount of damages Plaintiff would be entitled to recover (if any); (c) whether Plaintiff was given adequate notice of the Defendant's intent to rely upon a tip credit under the FLSA and FMWA; (d) whether Plaintiff was required to spend more than 20% of his workweek performing non-tipped duties; (e) and whether any of Defendant's good-faith defenses justified alleged violations of the FLSA.

Moreover, the Parties attended a full-day mediation on April 18, 2024, which was presided over by experienced FLSA mediator Howard Tescher, Esq [D.E. 18].[2] Accordingly, through the assistance of a neutral third party the Parties were able to evaluate the strengths and weakness of their respective positions and engaged in arms-length negotiations concerning the resolution of these claims. Without admitting that Plaintiffs are owed any unpaid wages, Defendant has agreed

---

[2] The same formula negotiated for the proposed class settlement was utilized to determine the settlement amount with each Plaintiff reflected in their Individual Agreements.

to resolve these claims for business purposes and to avoid protracted litigation that offers no guaranteed result.

### c. There is no fraud or collusion behind the settlement.

Here, the Parties engaged in arms-length negotiations with the assistance of a respected FLSA mediator during a full-day mediation. Each party was represented by counsel experienced in FLSA matters who regularly litigate wage and hour cases. Furthermore, the Parties have provided the Court with a fully executed copy of the settlement agreement which provides an additional layer of transparency. Accordingly, there is no fraud or collusion behind the resolution of these claims.

### d. This action would have required hundreds of hours of additional work given the various contested issues surrounding the factual and legal issues.

This action would have required the analysis of additional documentation, several additional depositions, probable litigation of multiple summary judgment motions, and significant pre-trial motion practice. Each side would have likely sought summary judgment on various issues in this case which would have required both sides to incur significant additional costs. The settlement reached therefore provides finality and certainty for the parties.

### e. The parties had access to sufficient documentation which allowed them the opportunity to meaningfully consider the strength and merits of the claims and likelihood of success.

In light of the documentation produced in this case, the Parties had an opportunity to meaningfully consider various data point damage models in this case. Moreover, the Defendant's production of time and pay records for each Plaintiff allowed them the opportunity to analyze the likelihood and/or difficulties of prevailing at trial. The Parties therefore had a meaningful opportunity to consider the strength of their claims prior to reaching a resolution of this case.

### f. There are several disputed issues of fact and law.

Defendant contends that it provided sufficient notice of its intent to rely upon a tip credit under federal and state law, and that no violations were committed concerning side work performed by the Plaintiffs during their employment. Plaintiffs strongly disagrees with Defendant on these issues, and bona fide disputes as to the underlying merits of the claim therefore exist.

### g. The parties have been represented by competent counsel who believe settlement is in the best interest of the parties.

Counsel for all Parties are well-versed in wage and hour litigation. Based on the experience and opinions of counsel, this resolution is fair and reasonable and in the interest of all Parties. The recovery provides meaningful relief for the Plaintiffs, and also provides a wage and hour release for the Defendant along with finality and certainty.[3]

### h. The Individual Agreements Provide for Payment of Reasonable Attorney's Fees and Costs to Plaintiffs' Counsel

The FLSA explicitly provides that the Court "shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *See* 29 U.S.C. 216(b). Thus, fee awards are mandatory for prevailing plaintiffs in FLSA cases. *See, e.g., Kreager v. Solomon & Flanagan, P.A.,* 775 F.2d 1541, 1542 (11th Cir. 1985); *Shelton v. Ervin,* 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases"). When evaluating the fairness of a settlement under the FLSA, the Court should consider "the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *See, e.g., Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir.

---

[3] The Individual Agreement do not contain a general release.

2009); *Jarrett v. Hotel Equities Group, LLC, et. al.,* 2023 WL 8878278 at *1 (S.D. Fla. Dec. 21, 2023) (Valle, M.J.).

Here, the amount of attorney's fees and costs payable to Plaintiffs' counsel are not a percentage of any total recovery in this case such that there is no correlation between the amount of monetary consideration being paid to Plaintiffs and the amount of attorney's fees and costs being paid by Defendant on Plaintiffs' behalf. *See* 29 U.S.C. § 216(b); *Kreager v. Solomon & Flanagan, P.A.,* 775 F.2d 1541, 1542 (11th Cir. 1985). Plaintiffs' attorney's fees and costs are separate and apart from the amounts to be paid to Plaintiff under the Agreements. **Ex. B**; *see, also, Geer v. Coston Marine Services, Inc.,* 2023 WL 4033177 at *1 (S.D. Fla. June 1, 2023) ("The best way to ensure that no conflict has tainted the settlement is for parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered") *quoting Bonetti v. Embarq Mgmt. Co.,* 715 F.Supp.2 1222, 1228 (M.D. Fla. 2009). Moreover, the total amount of attorney's fees and costs payable to Plaintiff's counsel under the terms of the Individual Agreements is a significant discounted from total amount of attorney's fees and costs actually incurred. Defendant does not oppose the amount of attorney's fees and costs payable to Plaintiffs' counsel and agree and acknowledge that the Plaintiffs' attorney's fees and costs being paid under the Individual Agreements are reasonable solely for the purposes of settlement of this action.

### IV. CONCLUSION

WHEREFORE, Plaintiffs, JULIAN LORENZO, WILLIAM MILLER and JOHN BELLOISE, , and Defendant, 2200 RESTAURANT PARTNERS, LLC d/b/a DUNE BY LAURENT TOURONDEL, respectfully request that the Court enter an Order: (a) approving the terms of the Individual Agreements; (b) dismissing this action with prejudice.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Pursuant to S.D. Fla. L.R. 7.1(a)(3), prior to the filing of this motion, the Parties conferred and jointly seek the relief sought within this Motion.

| | |
|---|---|
| /s/ *Michael V. Miller* | /s/ *Steven A. Siegel* |
| Michael Miller, Esq. (FBN 0064005) | Fla. Bar No. 497274 |
| Michael@usaemploymentlawyers.com | ssiegel@fisherphillips.com |
| **USA EMPLOYMENT LAWYERS-** | Fisher & Phillips LLP |
| **JORDAN RICHARDS, PLLC** | 201 East Las Olas Boulevard |
| 1800 SE 10th Ave. Suite 205 | Suite 1700 |
| Fort Lauderdale, Florida 33316 | Fort Lauderdale, Florida 33301 |
| Ph: (954) 871-0050 | Telephone (954) 525-4800 |
| *Counsel for Plaintiffs* | *Counsel for Defendant* |

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF and e-mailed to the party below on August 19, 2024.

By: /s/ *Michael V. Miller*
MICHAEL V. MILLER, ESQUIRE
Florida Bar No. 64005

### SERVICE LIST:

**STEVEN A. SIEGEL, ESQ.**
Florida Bar No. 497274
Fisher & Phillips LLP
201 E Las Olas Blvd, Ste 1700
Fort Lauderdale, Florida 33301
Ph: (954) 847-4724
E-mail: ssiegel@fisherphillips.com