## FLSA SETTLEMENT AGREEMENT AND RELEASE

This FLSA Settlement Agreement and Release (the "Agreement") is entered into by and between (a) Julian Lorenzo, individually, together with his heirs, agents, legal representatives, successors, and assigns (hereafter referred to as "Lorenzo") and (b) 2200 Restaurant Partners, LLC d/b/a Dune by Laurent Tourondel, together with its predecessors, successors, affiliates (including We Chef Hospitality LLC), subsidiaries, parent companies, partners, shareholders, current and past employees, servants, insurers, agents, business partners, legal representatives and any other person or entity who Lorenzo may allege jointly employed him at any time (hereafter referred to as "Dune").

1. **Purpose:** The purpose of this Agreement is to conclusively resolve and settle **all** wage and hour claims of any type that Lorenzo may have against the Released Parties, including, but not limited to, any claims for relief that were made or could have been made by Lorenzo in the lawsuit styled *Julian Lorenzo, on behalf of himself and all others similarly situated v. 2200 Restaurant Partners, LLC d/b/a Dune by Laurent Tourondel*, Case No. 0:24-cv-60078-WPD (the "Lawsuit").

2. **Opportunity to Negotiate, Consider and Consult with Counsel:** The terms of this Agreement are the product of negotiations between the parties hereto, and the parties stipulate that the consideration given to support the obligations of this Agreement is the full consideration agreed to, and that neither has received any other promises, inducements, or concessions in support of the duties imposed. In executing this Agreement, Lorenzo has not relied on any representation, compromise, conduct or action made by or on behalf of Dune or Dune's attorneys. Lorenzo acknowledges that he has obtained the advice of competent counsel and agrees that he has been given a reasonable period of time within which to consider this Agreement. Lorenzo and Dune confirm that they had this Agreement explained to them by their attorneys, they are relying on their own judgment and on the advice of their respective attorneys, and each confirms their competence to understand and does hereby accept the terms and conditions of the Agreement.

3. **No Admission of Liability:** The parties stipulate and agree that entry into this Agreement does not constitute, for any purpose whatsoever, either directly or indirectly, an admission of any liability whatsoever, and that Dune expressly denies any such liability. This Agreement represents the compromise of disputed and contingent claims.

4. **Consideration:** The consideration given by Dune to Lorenzo under this Agreement and the Class Agreement consists of payment to Lorenzo of One Thousand Eight Hundred and Thirty-Six Dollars and Eighty Cents ($1,836.80) to be distributed as follows:

    (a)  Four Hundred and Eighteen Dollars and Forty Cents ($418.40), minus all applicable withholdings, payable to Julian Lorenzo, which is attributable to settlement of his claim for unpaid minimum wages and overtime and will be reported on an IRS Form W2;

    (b)  Four Hundred and Eighteen Dollars and Forty Cents ($418.40), payable to Julian Lorenzo, which is attributable to settlement of his claim for liquidated damages and will be reported on an IRS Form 1099;

  (c)  One Thousand Dollars and Zero Cents ($1,000.00), payable to USA Employment Lawyers – Jordan Richards, PLLC for attorneys' fees and costs; which will be reported at year end on Forms 1099.

  The payments referenced above shall be delivered by to Michael Miller within twenty-one (21) days of the date (a) this Agreement is fully executed by all parties; (b) this Agreement is approved the Court and an Order of Dismissal with Prejudice is entered in the Lawsuit; and (d) W-9's are provided to Dune's counsel for Julian Lorenzo and USA Employment Lawyers – Jordan Richards, PLLC.  The consideration given by Lorenzo to Dune in support of this Agreement consists of full performance of each and every one of the respective obligations described in this document, all of which are expressly made material.

  5.  **Release of Dune:**  For and in consideration of the required acts and promises set forth in the text of this Agreement, Lorenzo hereby knowingly and voluntarily releases and discharges Dune from all wage and hour claims of any type, including all Fair Labor Standards Act and Florida Minimum Wage Act claims for unpaid regular, straight time, minimum wage or overtime wages, any federal, state or local wage and hour or wage payment law claims, any state or local wage and hour or unpaid wages type of claims, including but not limited to those under the theories of quantum meruit, unjust enrichment, conversion, breach of contract, theft of labor, and any claims for costs related to such claims, and all other available remedies and relief of any kind or nature whatsoever from the beginning of time through the date of this Agreement.

  6.  **Approval of Settlement, Dismissal With Prejudice and Agreement Not to Sue:**  Lorenzo agrees to immediately file all necessary paperwork to achieve approval of this settlement and dismissal with prejudice of the Lawsuit, including filing a Joint Motion to Approve Settlement and Stipulation of Dismissal with Prejudice and Lorenzo agrees not to re-argue, re-institute, or re-file any of the released claims in any court or other legal or arbitration forum whatsoever.

  7.  **Acknowledgment of Receipt of All Payment Owed:**  Upon receipt of the settlement funds described herein, Lorenzo specifically agrees and acknowledges receipt of all salary, wages, overtime payments, liquidated damages and employee benefits to which he was and/or is entitled as a result of his employment with Dune, and he further confirms that he is not owed any money of any type by Dune.

  8.  **Attorneys' Fees:**  In any action brought to enforce this Agreement or any action regarding an alleged breach of this Agreement, the prevailing party shall be entitled to recover his/its reasonable attorneys' fees and costs.

  9.  **No Changes to Agreement:**  No modifications or amendments to any of the terms, conditions, or provisions of this Agreement may be made except by a written agreement executed by all parties hereto.

  10.  **Severability:**  If any provision(s) of this Agreement are held to be illegal, invalid or unenforceable under present or future laws, any such provision(s) shall be curtailed and limited only to the extent necessary to bring it within the requirements of the law.  In that event, the

---

FLSASETTLEMENT AGREEMENT AND RELEASE
            PAGE 2              JI
                                       Lorenzo's Initials

remainder of this Agreement shall thereafter be construed and enforced as if such illegal, invalid, or unenforceable provision(s) had never comprised a part hereof. In such case, the remaining provision(s) of this Agreement shall continue in full force and effect and shall not be affected by any such illegal, invalid, or unenforceable provision(s) or by severance herefrom.

11. **Effect of Waiver:** The waiver by any party hereto of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach of any party, nor shall any waiver operate or be construed as a rescission of this Agreement. No breach of this Agreement shall permit the non-breaching party to repudiate this Agreement or refuse or fail to perform any obligation required hereunder.

12. **Governing Law:** The laws of the State of Florida shall govern the validity, construction, and enforcement of this Agreement.

13. **Ownership of Claims:** Lorenzo represents and warrants that he has not sold, assigned, transferred, conveyed or otherwise disposed of to any third party, by operation of law or otherwise, any action, cause of action, debt, obligation, contract, agreement, covenant, guarantee, judgment, damage, claim, counterclaim, liability, or demand of any nature whatsoever, relating to any matter covered by this Agreement.

14. **Multiple Originals:** This Agreement is executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument. Electronic signature copies shall be deemed originals.

DATED: July __24__, 2024

Julian Lorenzo

_Julian Lorenzo (Jul 24, 2024 11:02 EDT)_

DATED: July ____, 2024

2200 Restaurant Partners, LLC d/b/a Dune by Laurent Tourondel

By: _____
Yoram Shemesh

# FLSA SETTLEMENT AGREEMENT AND RELEASE

This FLSA Settlement Agreement and Release (the "Agreement") is entered into by and between (a) William Miller, individually, together with his heirs, agents, legal representatives, successors, and assigns (hereafter referred to as "Miller") and (b) 2200 Restaurant Partners, LLC d/b/a Dune by Laurent Tourondel, together with its predecessors, successors, affiliates (including We Chef Hospitality LLC), subsidiaries, parent companies, partners, shareholders, current and past employees, servants, insurers, agents, business partners, legal representatives and any other person or entity who Miller may allege jointly employed him at any time (hereafter referred to as "Dune").

1. **Purpose:** The purpose of this Agreement is to conclusively resolve and settle **all** wage and hour claims of any type that Miller may have against the Released Parties, including, but not limited to, any claims for relief that were made or could have been made by Miller in the lawsuit styled *Julian Lorenzo, on behalf of himself and all others similarly situated v. 2200 Restaurant Partners, LLC d/b/a Dune by Laurent Tourondel*, Case No. 0:24-cv-60078-WPD (the "Lawsuit").

2. **Opportunity to Negotiate, Consider and Consult with Counsel:** The terms of this Agreement are the product of negotiations between the parties hereto, and the parties stipulate that the consideration given to support the obligations of this Agreement is the full consideration agreed to, and that neither has received any other promises, inducements, or concessions in support of the duties imposed. In executing this Agreement, Miller has not relied on any representation, compromise, conduct or action made by or on behalf of Dune or Dune's attorneys. Miller acknowledges that he has obtained the advice of competent counsel and agrees that he has been given a reasonable period of time within which to consider this Agreement. Miller and Dune confirm that they had this Agreement explained to them by their attorneys, they are relying on their own judgment and on the advice of their respective attorneys, and each confirms their competence to understand and does hereby accept the terms and conditions of the Agreement.

3. **No Admission of Liability:** The parties stipulate and agree that entry into this Agreement does not constitute, for any purpose whatsoever, either directly or indirectly, an admission of any liability whatsoever, and that Dune expressly denies any such liability. This Agreement represents the compromise of disputed and contingent claims.

4. **Consideration:** The consideration given by Dune to Miller under this Agreement and the Class Agreement consists of payment to Miller of One Thousand Five Hundred and Seventy Dollars and Thirty-Six Cents ($1,570.36) to be distributed as follows:

    (a) Two Hundred and Eighty-Five Dollars and Eighteen Cents ($285.18), minus all applicable withholdings, payable to William Miller, which is attributable to settlement of his claim for unpaid minimum wages and overtime and will be reported on an IRS Form W2;

    (b) Two Hundred and Eighty-Five Dollars and Eighteen Cents ($285.18), payable to William Miller, which is attributable to settlement of his claim for liquidated damages and will be reported on an IRS Form 1099;

(c)     One Thousand Dollars and Zero Cents ($1,000.00), payable to USA Employment Lawyers – Jordan Richards, PLLC for attorneys' fees and costs; which will be reported at year end on Forms 1099.

The payments referenced above shall be delivered by to Michael Miller within twenty-one (21) days of the date (a) this Agreement is fully executed by all parties; (b) this Agreement is approved the Court and an Order of Dismissal with Prejudice is entered in the Lawsuit; and (d) W-9's are provided to Dune's counsel for William Miller and USA Employment Lawyers – Jordan Richards, PLLC. The consideration given by Miller to Dune in support of this Agreement consists of full performance of each and every one of the respective obligations described in this document, all of which are expressly made material.

5.    **Release of Dune:** For and in consideration of the required acts and promises set forth in the text of this Agreement, Miller hereby knowingly and voluntarily releases and discharges Dune from all wage and hour claims of any type, including all Fair Labor Standards Act and Florida Minimum Wage Act claims for unpaid regular, straight time, minimum wage or overtime wages, any federal, state or local wage and hour or wage payment law claims, any state or local wage and hour or unpaid wages type of claims, including but not limited to those under the theories of quantum meruit, unjust enrichment, conversion, breach of contract, theft of labor, and any claims for costs related to such claims, and all other available remedies and relief of any kind or nature whatsoever from the beginning of time through the date of this Agreement.

6.    **Approval of Settlement, Dismissal With Prejudice and Agreement Not to Sue:** Miller agrees to immediately file all necessary paperwork to achieve approval of this settlement and dismissal with prejudice of the Lawsuit, including filing a Joint Motion to Approve Settlement and Stipulation of Dismissal with Prejudice and Miller agrees not to re-argue, re-institute, or re-file any of the released claims in any court or other legal or arbitration forum whatsoever.

7.    **Acknowledgment of Receipt of All Payment Owed:** Upon receipt of the settlement funds described herein, Miller specifically agrees and acknowledges receipt of all salary, wages, overtime payments, liquidated damages and employee benefits to which he was and/or is entitled as a result of his employment with Dune, and he further confirms that he is not owed any money of any type by Dune.

8.    **Attorneys' Fees:** In any action brought to enforce this Agreement or any action regarding an alleged breach of this Agreement, the prevailing party shall be entitled to recover his/its reasonable attorneys' fees and costs.

9.    **No Changes to Agreement:** No modifications or amendments to any of the terms, conditions, or provisions of this Agreement may be made except by a written agreement executed by all parties hereto.

10.   **Severability:** If any provision(s) of this Agreement are held to be illegal, invalid or unenforceable under present or future laws, any such provision(s) shall be curtailed and limited only to the extent necessary to bring it within the requirements of the law. In that event, the

remainder of this Agreement shall thereafter be construed and enforced as if such illegal, invalid, or unenforceable provision(s) had never comprised a part hereof. In such case, the remaining provision(s) of this Agreement shall continue in full force and effect and shall not be affected by any such illegal, invalid, or unenforceable provision(s) or by severance herefrom.

11. **Effect of Waiver:** The waiver by any party hereto of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach of any party, nor shall any waiver operate or be construed as a rescission of this Agreement. No breach of this Agreement shall permit the non-breaching party to repudiate this Agreement or refuse or fail to perform any obligation required hereunder.

12. **Governing Law:** The laws of the State of Florida shall govern the validity, construction, and enforcement of this Agreement.

13. **Ownership of Claims:** Miller represents and warrants that he has not sold, assigned, transferred, conveyed or otherwise disposed of to any third party, by operation of law or otherwise, any action, cause of action, debt, obligation, contract, agreement, covenant, guarantee, judgment, damage, claim, counterclaim, liability, or demand of any nature whatsoever, relating to any matter covered by this Agreement.

14. **Multiple Originals:** This Agreement is executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument. Electronic signature copies shall be deemed originals.

DATED: July 25, 2024

William Miller

*William Miller*
William Miller (Jul 25, 2024 13:01 EDT)

DATED: July ___, 2024

2200 Restaurant Partners, LLC d/b/a Dune
by Laurent Tourondel

By: _____
Yoram Shemesh

---

FLSA SETTLEMENT AGREEMENT AND RELEASE
PAGE 3

WM
**Miller's Initials**

## FLSA SETTLEMENT AGREEMENT AND RELEASE

This FLSA Settlement Agreement and Release (the "Agreement") is entered into by and between (a) John Belloise, individually, together with his heirs, agents, legal representatives, successors, and assigns (hereafter referred to as "Belloise") and (b) 2200 Restaurant Partners, LLC d/b/a Dune by Laurent Tourondel, together with its predecessors, successors, affiliates (including We Chef Hospitality LLC), subsidiaries, parent companies, partners, shareholders, current and past employees, servants, insurers, agents, business partners, legal representatives and any other person or entity who Belloise may allege jointly employed him at any time (hereafter referred to as "Dune").

1.  **Purpose:** The purpose of this Agreement is to conclusively resolve and settle **all** wage and hour claims of any type that Belloise may have against the Released Parties, including, but not limited to, any claims for relief that were made or could have been made by Belloise in the lawsuit styled *Julian Lorenzo, on behalf of himself and all others similarly situated v. 2200 Restaurant Partners, LLC d/b/a Dune by Laurent Tourondel*, Case No. 0:24-cv-60078-WPD (the "Lawsuit").

2.  **Opportunity to Negotiate, Consider and Consult with Counsel:** The terms of this Agreement are the product of negotiations between the parties hereto, and the parties stipulate that the consideration given to support the obligations of this Agreement is the full consideration agreed to, and that neither has received any other promises, inducements, or concessions in support of the duties imposed. In executing this Agreement, Belloise has not relied on any representation, compromise, conduct or action made by or on behalf of Dune or Dune's attorneys. Belloise acknowledges that he has obtained the advice of competent counsel and agrees that he has been given a reasonable period of time within which to consider this Agreement. Belloise and Dune confirm that they had this Agreement explained to them by their attorneys, they are relying on their own judgment and on the advice of their respective attorneys, and each confirms their competence to understand and does hereby accept the terms and conditions of the Agreement.

3.  **No Admission of Liability:** The parties stipulate and agree that entry into this Agreement does not constitute, for any purpose whatsoever, either directly or indirectly, an admission of any liability whatsoever, and that Dune expressly denies any such liability. This Agreement represents the compromise of disputed and contingent claims.

4.  **Consideration:** The consideration given by Dune to Belloise under this Agreement and the Class Agreement consists of payment to Belloise of One Thousand Seven Hundred and Seventy-Nine Dollars and Thirty-One Cents ($1,779.31) to be distributed as follows:

    (a) Three Hundred and Eighty-Nine Dollars and Sixty-Six Cents ($389.66), minus all applicable withholdings, payable to John Belloise, which is attributable to settlement of his claim for unpaid minimum wages and overtime and will be reported on an IRS Form W2;

    (b) Three Hundred and Eighty-Nine Dollars and Sixty-Five Cents ($389.65), payable to John Belloise, which is attributable to settlement of his claim for liquidated damages and will be reported on an IRS Form 1099;

(c)    One Thousand Dollars and Zero Cents ($1,000.00), payable to USA Employment Lawyers – Jordan Richards, PLLC for attorneys' fees and costs; which will be reported at year end on Forms 1099.

The payments referenced above shall be delivered by to Michael Miller within twenty-one (21) days of the date (a) this Agreement is fully executed by all parties; (b) this Agreement is approved the Court and an Order of Dismissal with Prejudice is entered in the Lawsuit; and (d) W-9's are provided to Dune's counsel for John Belloise and USA Employment Lawyers – Jordan Richards, PLLC.  The consideration given by Belloise to Dune in support of this Agreement consists of full performance of each and every one of the respective obligations described in this document, all of which are expressly made material.

5.    **Release of Dune:** For and in consideration of the required acts and promises set forth in the text of this Agreement, Belloise hereby knowingly and voluntarily releases and discharges Dune from all wage and hour claims of any type, including all Fair Labor Standards Act and Florida Minimum Wage Act claims for unpaid regular, straight time, minimum wage or overtime wages, any federal, state or local wage and hour or wage payment law claims, any state or local wage and hour or unpaid wages type of claims, including but not limited to those under the theories of quantum meruit, unjust enrichment, conversion, breach of contract, theft of labor, and any claims for costs related to such claims, and all other available remedies and relief of any kind or nature whatsoever from the beginning of time through the date of this Agreement.

6.    **Approval of Settlement, Dismissal With Prejudice and Agreement Not to Sue:** Belloise agrees to immediately file all necessary paperwork to achieve approval of this settlement and dismissal with prejudice of the Lawsuit, including filing a Joint Motion to Approve Settlement and Stipulation of Dismissal with Prejudice and Belloise agrees not to re-argue, re-institute, or re-file any of the released claims in any court or other legal or arbitration forum whatsoever.

7.    **Acknowledgment of Receipt of All Payment Owed:** Upon receipt of the settlement funds described herein, Belloise specifically agrees and acknowledges receipt of all salary, wages, overtime payments, liquidated damages and employee benefits to which he was and/or is entitled as a result of his employment with Dune, and he further confirms that he is not owed any money of any type by Dune.

8.    **Attorneys' Fees:** In any action brought to enforce this Agreement or any action regarding an alleged breach of this Agreement, the prevailing party shall be entitled to recover his/its reasonable attorneys' fees and costs.

9.    **No Changes to Agreement:** No modifications or amendments to any of the terms, conditions, or provisions of this Agreement may be made except by a written agreement executed by all parties hereto.

10.    **Severability:** If any provision(s) of this Agreement are held to be illegal, invalid or unenforceable under present or future laws, any such provision(s) shall be curtailed and limited only to the extent necessary to bring it within the requirements of the law.  In that event, the

---

FLSA SETTLEMENT AGREEMENT AND RELEASE
PAGE 2

JB
Belloise's Initials

remainder of this Agreement shall thereafter be construed and enforced as if such illegal, invalid, or unenforceable provision(s) had never comprised a part hereof. In such case, the remaining provision(s) of this Agreement shall continue in full force and effect and shall not be affected by any such illegal, invalid, or unenforceable provision(s) or by severance herefrom.

11. **Effect of Waiver:** The waiver by any party hereto of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach of any party, nor shall any waiver operate or be construed as a rescission of this Agreement. No breach of this Agreement shall permit the non-breaching party to repudiate this Agreement or refuse or fail to perform any obligation required hereunder.

12. **Governing Law:** The laws of the State of Florida shall govern the validity, construction, and enforcement of this Agreement.

13. **Ownership of Claims:** Belloise represents and warrants that he has not sold, assigned, transferred, conveyed or otherwise disposed of to any third party, by operation of law or otherwise, any action, cause of action, debt, obligation, contract, agreement, covenant, guarantee, judgment, damage, claim, counterclaim, liability, or demand of any nature whatsoever, relating to any matter covered by this Agreement.

14. **Multiple Originals:** This Agreement is executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument. Electronic signature copies shall be deemed originals.

DATED: July __23__, 2024

John Belloise

_____
John Belloise (Jul 23, 2024 11:36 EDT)

DATED: July ____, 2024

2200 Restaurant Partners, LLC d/b/a Dune by Laurent Tourondel

By: _____
Yoram Shemesh

---

FLSA SETTLEMENT AGREEMENT AND RELEASE
PAGE 3

JB
_____
Belloise's Initials